Monica A. BREEZE and
Kevin G. Breeze,

v.

ROYAL INDEMNITY COMPANY and
Matt Sweeney, and Robert McLean
and Thomas Mulroy.

No. 01–945.

United States District Court,
E.D. Pennsylvania.

May 24, 2001.

Gregg L. Zeff, Frost & Zeff, Esqs., Marlton, NJ, for plaintiffs.

Joel L. Finger, Eric D. Witkin, Roberts & Finger, LLP, New York City, Joel L. Finger, Roberts & Finger, Esqs., Parsippany, NJ, Marjorie E. Greenfield, Anderson, Greenfield & Dougherty Ltd., Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

HART, United States Magistrate Judge.

The Plaintiffs have filed a motion to quash three subpoenas: two issued to former employers of Kevin Breeze, seeking information concerning Mr. Breeze's employment and the terms of his separation from employment, and the third issued to the Unemployment Claims Information Center, seeking information concerning claims for unemployment

---

compensation filed on behalf of either of the Plaintiffs. The Plaintiffs claim that the documents sought are not relevant to their claims and are merely a tool to circumvent Plaintiffs' objections to signing an authorization for the release of these materials.

The Defendants argue that the Plaintiffs do not have standing to challenge the subpoenas, that the information is relevant to the claims, and that the Plaintiffs waived any objection to the disclosure of the material by failing to respond or object to interrogatories seeking the same information.[1] The Defendants have filed a cross-motion to compel production of documents and answers to interrogatories.

Although Rule 45(c)(3) governs the court's decision in modifying or quashing a subpoena, the Plaintiffs argue that the information sought is not relevant to their claims. In their response to the motion to quash and in the motion to compel production, the defendants contend that the information sought is relevant to the plaintiffs' issues of damages. Relevance, for purposes of discovery, does not hinge on admissibility at trial. Hence, we need only determine if the employment information sought "appears reasonably calculated to lead to the discovery of admissible evidence," *see* Fed.R.Civ.P. 26(b)(1), or whether the defendants are embarking on a "fishing expedition."

The Plaintiffs' suit alleges violations of the Family Medical Leave Act and various similar state law claims relating to plaintiff's treatment when she returned from pregnancy leave. According to the complaint, upon Mrs. Breeze's return to work, she was not given an equivalent position, and, as a result, was hospitalized for severe chest pains, allegedly caused by job-related stress. (Amended Complaint, ¶¶ 42–43). She seeks damages for lost wages and benefits, emotional distress, humiliation, loss of status and reputation, loss of self-esteem and pain and suffering. Mr. Breeze's claim involves loss of consortium.

The defendants contend that "Mr. Breeze's employment records could show how Mr. Breeze's employment situation might have adversely affected Mrs. Breeze's mental condition and their marriage." (Defendants' Memorandum of Law, at 8). In essence, the defendants argue that they should not be held liable for emotional distress and any resulting physical manifestations or stress on the relationship that may have been brought about by causes other than Mrs. Breeze's job situation, i.e., Mr. Breeze's frequent job changes during the same period.

Based on this justification, we do not believe that the defendants are embarking on a fishing expedition. In *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131 (E.D.Pa.2001), the Honorable Clifford Scott Green of this court concluded that psychotherapist's notes were relevant to the issue of damages in a wrongful termination suit, in which the plaintiffs sought damages for emotional distress.

> Defendant argues that the records are relevant because they may disclose whether Plaintiffs actually suffered emotional distress from Mr. Sanchez's termination, or whether the Plaintiffs sought treatment for unrelated stress, the existence of which would mitigate the Plaintiffs' emotional distress claim against the Defendant. I conclude that the records are relevant to the case, and could lead to the discovery of admissible evidence.

*Sanchez*, at ——*2. Since the information sought in the present case could be used, not only to defend the claims for emotional distress and loss of consortium, but also to reduce the compensation for emotional damages sought by both plaintiffs, we will deny the motion to quash the subpoenas and grant the motion to compel answers to interrogatories and production of documents.[2]

---

1. We do not find it necessary to rule on the issue of standing because we have determined that the information sought is discoverable. However, we note that several judges of this district have found that a party may move to quash a subpoena to a non-party when the party claims "some personal right or privilege in respect to the subject matter." *Davis v. General Accident Insurance Company of America*, No. 98–4736, 1999 WL 228944 *2 (E.D.Pa. Apr.15, 1999); *New Park*

*Entertainment, L.L.C. v. Electric Factory Concerts, Inc.*, No. 98–775, 2000 WL 62315 *2 (E.D.Pa. Jan. 13, 2000).

2. Although the Defendants claim that the Plaintiffs have waived any objection to the interrogatories and document production by failing to file timely objections, we do not find any reason to address the issue since we are compelling production, in any event.

In the Plaintiffs' Memorandum of Law in Response to the Cross Motion to Compel, counsel requests that Mr. Breeze's claims be dismissed from the action. The court is of the belief that this request is based on the presumption that the requests for information, sought through subpoena, answers to interrogatories, or the production of documents, would be mooted by Mr. Breeze's dismissal as a plaintiff in the case. Contrary to this assumption, we believe that the information sought is clearly relevant to Mrs. Breeze's claims of emotional distress and damages. Therefore, the court will refrain from granting the request until we have had the opportunity to discuss the request with all counsel in light of this decision.

An appropriate order follows.